**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETH W., | |
| Plaintiff, | Civil Action No. 25-1078 (MAS) |
| v. | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Elizabeth W.'s ("Plaintiff")[1] appeal of

the Commissioner of the Social Security Administration's (the "Commissioner") final decision

denying Plaintiff's request for Disability Insurance Benefits ("DIB") under Title II of the Social

Security Act (the "Act"). (ECF No. 1.) The Court has jurisdiction to review this matter under 42

U.S.C. § 405(g) and reaches its decision without oral argument under Federal Rule of Civil

Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons below, the Court affirms the

decision of the Administrative Law Judge ("ALJ").

I.      **BACKGROUND**

In this appeal, the Court must consider whether the ALJ's finding that Plaintiff was not

disabled is supported by substantial evidence. The Court begins with the procedural posture and

decision by the ALJ.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

### A.    Procedural Background

Plaintiff filed an application for DIB on June 1, 2022, alleging a disability onset date of October 18, 2021. (AR 26, ECF No. 7.[2]) The Social Security Administration (the "Administration") denied the application both initially and upon reconsideration. (*Id.*) Plaintiff, thereafter, requested a hearing (*id.* at 138-40), and the ALJ held a telephone hearing on December 14, 2023 (*id.* at 52-89). On May 17, 2024, the ALJ denied Plaintiff's claim. (*Id.* at 23-45.) Plaintiff submitted a request for review, which the Appeals Council denied (*id.* at 12, 201-03), making the ALJ's May 17, 2024, decision the Commissioner's final decision. This appeal followed. (*See generally* Compl., ECF No. 1.) On September 8, 2025, Plaintiff filed her moving brief in this action. (Pl.'s Moving Br., ECF No. 12.) The Commissioner opposed (Def.'s Opp'n Br., ECF No. 14), and Plaintiff replied (Pl.'s Reply Br., ECF No. 15).

### B.    The ALJ's Decision

In her May 17, 2024, decision, the ALJ concluded that Plaintiff was not disabled. (AR 39.) The ALJ set forth the Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 27-28 (citing 20 C.F.R. § 404.1520(a)).) As an initial matter, the ALJ found that Plaintiff "meets the insured status requirements of the . . . Act through December 31, 2027." (*Id.* at 28.) At step one, the ALJ found that Plaintiff "ha[d] not engaged in substantial gainful activity since October 18, 2021, the alleged onset date[.]" (*Id.*) At step two, the ALJ determined that Plaintiff had several severe impairments during the relevant period: (1) postural orthostatic tachycardia syndrome ("POTS") with vasospasms; (2) bilateral nephroptosis; (3) migraines;

---

[2] The Administrative Record ("AR") is located at ECF Nos. 7 through 7-26. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

(4) lumbar stenosis; (5) adrenal gland disorder; (6) gastritis; (7) high blood pressure; (8) congestive heart failure ("CHF"); (9) chronic fatigue syndrome ("CFS"); (10) apraxia; (11) thyroid nodules; (12) obesity; (13) hernias; and (14) hemolytic anemia. (*Id.* at 29.)

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526 during the relevant period. (*Id.*) With respect to Plaintiff's physical impairments, the ALJ stated that she specifically reviewed the listings at 1.00, 1.15, 1.16, 4.02, 7.05, 11.02, and 12.06. (*Id.* at 29-30.)

The ALJ determined that Plaintiff had the residual functional capacity ("RFC")[3] to perform light work as defined in 20 C.F.R. § 404.1567(b). (*Id.* at 31.) Plaintiff, however, was limited to:

> occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; occasionally balance, stoop and kneel; never crouch or crawl; occasionally reach overhead with her bilateral upper extremities; occasionally push and pull with her bilateral upper extremities; occasionally push and pull with her bilateral lower extremities; occasionally operate foot controls with her bilateral lower extremities; perform work where access to a restroom is readily available; must avoid unprotected heights and moving mechanical parts; due to lapses in concentration, focus or memory and/or the need for unscheduled breaks, she would be off task [five percent] of the day; and due to her impairments, she would be absent once per month.

(*Id.*)

---

[3] RFC is defined as "the most [an individual] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1); *see Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000) ("'[R]esidual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by [her] impairments[.]" (citing *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999))). Determination of a claimant's RFC is the exclusive responsibility of the ALJ. 20 C.F.R. §§ 404.1520(c), 404.1546(c).

At step four, the ALJ found that Plaintiff is "capable of performing past relevant work as a program manager . . . and research assistant" because "[t]his work does not require the performance of work-related activities precluded by" her RFC. (*Id.* at 37.) The ALJ determined that Plaintiff was able to perform the work as actually and generally performed. (*Id.*) The ALJ considered that Plaintiff was 45 years old on the alleged disability onset date, which is defined as "a younger individual," and has at least a high school education. (*Id.* at 38.) The ALJ determined that "[t]ransferability of job skills is not material . . . because . . . [Plaintiff] is 'not disabled,' whether or not [she] has transferable job skills." (*Id.*) Based on the aforementioned factors and Plaintiff's RFC, the ALJ determined that Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (*Id.* at 38-39.) In doing so, the ALJ relied upon the testimony of the vocational expert, who testified that an individual of Plaintiff's age, education, work experience, and RFC "would be able to perform the requirements of [SVP 2] occupations such as" marker, cashier II, or power-screwdriver operator. (*Id.* at 38.)

At step five, the ALJ determined that Plaintiff was not disabled, as defined in the Act, from October 18, 2021 (the alleged onset date), through the date of the ALJ's decision, May 17, 2024, for the purposes of Plaintiff's DIB claim. (*Id.* at 39.)

## II.   **LEGAL STANDARD**

### A.   **Standard of Review**

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial

evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (quoting 42 U.S.C. § 405(g)); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (explaining that the reviewing court is "bound to the Commissioner's findings of fact if they are supported by substantial evidence"). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks and citation omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

**B.    Establishing Disability**

To be eligible for DIB, claimants must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

Administration regulations provide a five-step evaluation procedure to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must establish that she has not engaged in any substantial gainful activity since the onset of her alleged disability. 20 C.F.R. § 404.1520(a)(4)(i). For the second step, the claimant must establish that she suffers from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(ii). Claimants bear the burden of establishing the first two requirements, and failure to satisfy either one results in a denial of benefits. *Bown v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The third step requires that the claimant provide evidence that her impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates that she suffers from a listed impairment or that her severe impairment is equal to a listed impairment, she is presumed to be disabled and entitled to DIB. *Id.*; 20 C.F.R. § 404.1520(d). If she cannot so demonstrate, the eligibility analysis proceeds to step four. *See* 20 C.F.R. § 404.1520(e).

Under the fourth step, the ALJ determines whether the claimant's RFC permits her to resume her previous employment. *Id.* If the claimant's RFC permits her previous employment, she

is not "disabled" and thus is not entitled to DIB. *Id.* § 404.1520(f). The burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work consistent with her medical impairments, age, education, past work experience, and RFC. 20 C.F.R. § 404.1520(g). If the Commissioner cannot satisfy this burden, the claimant will receive DIB. *Id.*

## III.    DISCUSSION

Plaintiff appeals the ALJ's decision and raises three main arguments in support of remand. (*See generally* Pl.'s Moving Br.; Pl.'s Reply Br.) Specifically, Plaintiff contends that the ALJ erred by: (1) failing to provide adequate analysis of whether Plaintiff's migraine headaches equaled a listing; (2) failing to build an accurate and logical bridge between the record and the RFC limitation to five percent time off task and one absence per month; and (3) finding Dr. Weinberg's opinion partially persuasive but failing to incorporate the no bending limitation into the RFC. (Pl.'s Moving Br. 5-29; Pl.'s Reply Br. 1-10.)

As explained below, the Court concludes that the ALJ's decision is supported by substantial evidence.

### A.    The ALJ's Analysis of Plaintiff's Migraine Headaches is Supported by Substantial Evidence in the Record.

Plaintiff argues that the ALJ acknowledged that she suffers from severe migraines but provided no meaningful analysis of whether these headaches might equal listing 11.02 as required by SSR 19-4p and Third Circuit precedent. (Pl.'s Moving Br. 10-15; Pl.'s Reply Br. 1-4.) The Court disagrees and finds that, although her discussion was brief, the ALJ's determination that Plaintiff's migraines do not equal the medical listings is supported by substantial evidence in the record. *See Grantt v. Colvin*, No. 15-1069, 2016 WL 4187017, at *3 (W.D. Ark. Aug. 8, 2016) (explaining that

7

"[t]here is no error [even] when an ALJ fails to explain why an impairment does not equal one of the listed impairments as long as the overall conclusion is supported by the record[,]" and finding that the ALJ's determination that plaintiff's migraines did not equal or meet a listing was "supported by substantial evidence in the record" (citation omitted)). The ALJ explicitly stated that SSR-19-4p "tells [the ALJ] that a primary headache disorder may equal listing 11.02 for dyscognitive seizures." (AR 30.) The ALJ then explained that "the record fails to document any evidence which would warrant testimony of a medical expert to make this finding." (*Id.*) A review of the record confirms that the ALJ's determination is supported by substantial evidence.

For example, during the hearing, the ALJ asked Plaintiff about her migraines. (AR 81 ("Do you suffer from migraines?").) Plaintiff explained that she "get[s] a specific type of migraine called a hemorrhagic migraine." (*Id.*) Plaintiff was asked how often she had migraines, to which she responded: "thankfully I don't get those as much anymore. When I throw up all the medication, they can come up like a couple of times a month." (AR 81-82.) The ALJ explained that she "careful[ly] consider[ed] . . . the entire record" (*id.* at 31), which this Court accepts as true, *see Ramirez v. Kijakazi*, No. 22-431, 2023 WL 5916906, at *5 (M.D. Pa. Sep. 11, 2023) (explaining that the ALJ "stated [that] he rendered his findings after consideration of the entire record[,]" and the Court "should take [the ALJ] at his word"); *Jones v. Comm'r of Soc. Sec.*, 297 F. App'x 117, 120 (3d Cir. 2008) ("[W]e take the ALJ at his word."). The ALJ also detailed Plaintiff's medical history including her history of migraines. (AR 31-36.) The record, moreover, shows that Plaintiff received limited treatment for migraines, including over-the-counter pain medications and calcium channel blockers. (*E.g.*, AR 705 (noting that Plaintiff suffered from both low grade and moderate migraines but that sleep, hydration, and salty food help to alleviate them); *id.* at 742 (noting that Plaintiff's "[m]igraines remain largely stable"); *id.* at 888 (noting that Plaintiff's [m]igraines

remain largely stable . . . but remain well managed with [a calcium channel blocker]"); *id.* at 893 (noting that Plaintiff's "[m]igraines remain largely stable"); *see also id.* at 894-1020, 1206-1230, 1360-1379, 1435-1450, 1558, 1779-1798, 1856-1903, 2050-2899, 3185-3808 (physician notes noting and listing migraines as a diagnosis).)

The Court, accordingly, finds that the ALJ's determination that Plaintiff's migraines do not equal listing 11.02 is supported by substantial evidence. *See Grantt*, 2016 WL 4187017, at *3 (explaining that the ALJ does not err when she "fails to explain why an impairment does not equal one of the listed impairments as long as the overall conclusion is supported by the record" and finding that the "ALJ's conclusion[] that [p]laintiff's migraines d[id] not meet or medically equal the severity of one of the listed impairments, [wa]s supported by substantial evidence on the record as a whole" (citation omitted)).

**B.      The ALJ's Five Percent Time Off and One Absence Per Month Determination are Supported by Substantial Evidence in the Record.**

Plaintiff next argues that the ALJ failed to build an "accurate and logical bridge" between the evidence in the record and the RCF limitation to five percent time off task and one absence per month. (Pl.'s Moving Br. 15-21; Pl.'s Reply Br. 5-7.) Plaintiff contends that the ALJ made no analysis of how five percent time off task could accommodate: (1) her required intravenous hydration via a peripherally inserted central catheter ("PICC line") two to five times per week; (2) unpredictable vomiting episodes requiring immediate restroom access; (3) regular appointments for PICC line maintenance and treatment of complications; and (4) recovery from experimental surgery and ongoing device management for her gastric stimulator. (Pl.'s Moving Br. 17-20.)

"Plaintiff bears the burden of proof at the point of RFC determination[.]" *Diaz v. Astrue*, No. 07-3220, 2008 WL 4104564, at *6 (D.N.J. Sep. 3, 2008) (citing *Bowen v. Yuckert*, 482 U.S.

137, 146 n.5 (1987)). It is not the Commissioner's burden to disprove a claimant's disability. *Sykes v. Apfel*, 228 F.3d 259, 262-63 (3d Cir. 2000). A plaintiff therefore must "connect the dots between an omitted medically determinable impairment (or condition) and resulting limitations on her functional capacity, consistent with her burden." *Vanessa T-H. v. Comm'r of Soc. Sec.*, No. 23-2293, 2024 WL 1635685, at *6 (D.N.J. Apr. 16, 2024) (citing *Louis v. Comm'r of Soc. Sec.*, 808 F. App'x 114, 117 (3d Cir. 2020)).

Here, the Court finds that the ALJ's RFC determination is supported by substantial evidence in the record. An ALJ need not "perform a 'function-by-function' analysis . . . so long as the ALJ's RFC determination is supported by substantial evidence in the record." *Glass v. Comm'r of Soc. Sec.*, No. 18-15279, 2019 WL 5617508, at *8 (D.N.J. Oct. 31, 2019). The ALJ "provided a thorough analysis of the available medical evidence in the record[.]" *Paul H. v. Comm'r of Soc. Sec.*, No. 24-5970, 2025 WL 1348534, at *5 (D.N.J. May 8, 2025). Although the ALJ did not make specific reference to her basis for imposing a five percent off-task limitation, or one absence per month, she made the RFC determination "[a]fter careful consideration of the entire record[,]" (AR 31), and repeatedly referenced where either Plaintiff herself, or medical examiners, found her to have ongoing problems with nausea, vomiting, and the need for intravenous hydration (*see id.* at 31-37). The ALJ observed that cardiology was actively managing Plaintiff's POTS, and that she reported that her vomiting, nausea, and constipation improved with medication. (*Id.* at 34-36.) The ALJ noted that Plaintiff underwent various imaging and other studies, which routinely revealed no or only slight abnormalities. (*Id.*) The ALJ also explained that Plaintiff testified that she received hydration four to five days per week, that she has a PICC line, and that she has to go to the ER for issues with the PICC line. (*Id.* at 33.) Based on the entire record, the ALJ found that "although the record documents that [Plaintiff] has severe physical impairments which do impact her ability to

10

function, she is not precluded from performing all work activity[.]" (*Id.* at 36); *see Motter v. Comm'r of Soc. Sec.*, No. 20-4941, 2021 WL 4901501, at *7 (S.D. Ohio Oct. 21, 2021) (affirming ALJ's decision where he "appropriately acknowledged [p]laintiff's symptoms and supported his decision with substantial evidence from the record"), *R. & R. adopted*, No. 20-4941, 2021 WL 5203574 (S.D. Ohio Nov. 9, 2021). The ALJ "considered all symptoms and the extent to which the[] symptoms c[ould] reasonably be accepted as consistent with the objective medical evidence and other evidence." (AR 31.)

The Court therefore finds that the ALJ's RFC determination appropriately acknowledged Plaintiff's symptoms and addressed them by determining that Plaintiff needed access to a readily available restroom, would be off task five percent of the time, and required one day off per month, which is supported by substantial evidence. *See Crystal B. v. Comm'r of Soc. Sec.*, No. 22-356, 2024 WL 3568876, at *14 (W.D.N.Y. July 29, 2024); *Jaclyn N. v. Bisignano*, No. 23-22456, 2025 WL 3101691, at *12 (D.N.J. Nov. 6, 2025) (finding that "the ALJ's RFC analysis makes clear that he took into consideration [p]laintiff's [symptoms] when [the ALJ] allowed for 'ready access to a restroom'").

**C.    The ALJ's Determination Regarding Dr. Fredrick Weinberg's ("Weinberg") Opinion is Supported by Substantial Evidence in the Record.**

Plaintiff argues that the ALJ erred by determining that Weinberg's opinion was partially persuasive but failing to incorporate the "no bending limitation" into the RFC. (Pl.'s Moving Br. 22-28; Pl.'s Reply Br. 8-10.) Plaintiff contends that the ALJ mischaracterized the medical opinion of Weinberg and did not incorporate Weinberg's function limitation that Plaintiff could never bend into the RFC without adequate explanation. (Pl.'s Moving Br. 23-24.) Plaintiff further contends that the ALJ's determination that Weinberg's opinion was "partially persuasive" but "not detailed

11

and does not provide exact limitations in functioning" was factually incorrect and misreads the medical evidence. (*Id.* at 23.)

"When weighing medical opinions in Social Security matters, administrative law judges must *consider* a range of factors, but all they must *explain* are the reasons for their decisions." *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638 (3d Cir. 2024) (emphasis in original). "[T]he regulations seek to enforce a 'source level' analysis, rather than dividing each source's opinions into different units to be separately analyzed[.]" *Pyle v. Comm'r of Soc. Sec.*, No. 23-815, 2024 WL 4278291, at *1 n.1 (W.D. Pa. Sep. 24, 2024). The ALJ is not required to provide a "written analysis about how [she] considered each piece of evidence." *Joseph P. v. Comm'r of Soc. Sec.*, No. 21-13524, 2023 WL 1929945, at *5 (D.N.J. Feb. 10, 2023) (citations omitted)). Instead, "[t]he . . . regulations reflect a 'reasonable articulation standard'" in which the "decision need only 'allow a subsequent reviewer . . . to trace the path of an adjudicator's reasoning.'" *Id.* (quoting 82 Fed. Reg. 5844-01, at 5858). In tracing this path, "[a]n ALJ 'must give some indication of the evidence which [s]he rejects and h[er] reason(s) for discounting such evidence.'" *Tedesco v. Comm'r Soc. Sec.*, 833 F. App'x 957, 961 (3d Cir. 2020) (citation omitted). But "the ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Kelly v. Colvin*, No. 09-759, 2013 WL 5273814, at *10 (D. Del. Sep. 18, 2013) (quoting *Cotter*, 650 F.2d at 482). It is, additionally, "not for this [C]ourt to reweigh the various medical opinions in the record[,]" but instead "to determin[e] if there is substantial evidence to support the ALJ's weighing of those opinions." *Id.* (citations omitted).

Here, the Court finds that the ALJ properly considered the opinions of Weinberg and reasonably found that Weinberg's checking the box that Plaintiff could not bend on a form was not

12

persuasive. (AR 37, 2012.) Although "no bending" is a specific limitation, the ALJ's determination that Weinberg's opinion was only partially persuasive is supported by substantial evidence in the record. The ALJ detailed Plaintiff's function reports describing that she is "able to drive", and "do light household chores", as well as noting that she has "limitations with lifting, squatting, bending, standing, walking, [and] sitting[.]" (AR 32.) This necessarily evidences that Plaintiff has "limitations" with bending—meaning that she can bend with limitations. As discussed above, moreover, the ALJ explicitly stated that she "careful[ly] consider[ed] the entire record[,]" and "all symptoms and the extent to which th[o]se symptoms c[ould] reasonably be accepted as consistent with the objective medical evidence and other evidence[.]" (*Id.* at 31); *Ramirez*, 2023 WL 5916906, at *5 (explaining that the ALJ "stated [that] he rendered his findings after consideration of the entire record[,]" and the Court "should take [the ALJ] at his word"). The ALJ extensively detailed Plaintiff's medical history before fully considering the opinion of Weinberg and finding it partially persuasive. (AR 31-37.) The Court, accordingly, finds that "the ALJ appropriately addressed the medical opinion evidence [of Weinberg] and gave h[er] reasons, albeit briefly, for" finding Weinberg's opinion partially persuasive based on the record—a determination that is supported by substantial evidence in the record. (*Id.*); *Stephanie P. v. Comm'r of Soc. Sec.*, No. 21-12524, 2023 WL 2214179, at *4 (D.N.J. Feb. 24, 2023); *see also Tricia W. v. Comm'r of Soc. Sec.*, No. 24-11499, 2025 WL 3033994, at *6 (D.N.J. Oct. 30, 2025) (explaining that the ALJ does not have to "supply a comprehensive explanation" and that typically "a sentence or short paragraph would . . . suffice" (quoting *Cotter*, 650 F.2d at 482)). The Court therefore finds that the ALJ's conclusion that Weinberg's opinion evidence was only partially persuasive, and the ALJ's determination of Plaintiff's RFC to permit occasional stooping are supported by substantial evidence.

## IV.   **CONCLUSION**

For the reasons outlined above, the Court affirms the Commissioner's decision. The Court will issue an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

DATED: _____3/23/_____, 2026